**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN WORMAN,<br><br>　　　　Defendant. | No. CR 08-3012-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PROSECUTION'S FOURTH PRE-TRIAL EVIDENTIARY MOTION**<br><br><u>FILED UNDER SEAL</u> |

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A. Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*B. Arguments Of The Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　*A. Elements Of The Pertinent Offense* . . . . . . . . . . . . . . . . . . . . . . . . 6
　　*B. Admissibility Of The NFRTR Certification* . . . . . . . . . . . . . . . . . . 8
　　　　*1.　Worman's "technical" objections* . . . . . . . . . . . . . . . . . . . . 9
　　　　*2.　Worman's "hearsay" and "confrontation" objections* . . . . . 11

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# I. INTRODUCTION

## A. *Background*

This case arises from the mailing, on June 29, 2005, of a package addressed to Paulette Torkelson that contained a pipe bomb inside an antique radio. Defendant John Worman is accused of mailing the pipe bomb, and he is scheduled for trial on October 27, 2008, on various charges arising from the pipe-bombing incident. On September 25, 2008, the court entered its ruling in this case on three pre-trial evidentiary motions by the prosecution. *See* Memorandum Opinion And Order Regarding Prosecution's Pre-Trial Evidentiary Motions (docket no. 39) (filed under seal). The prosecution has now filed a fourth evidentiary motion, its October 2, 2008, Motion For Pretrial Determination Of Admissibility Of Evidence Regarding The Lack Of A Record In The National Firearms Registration And Transfer Record (Prosecution's Fourth Evidentiary Motion) (docket no. 40).

In its prior ruling, the court set out in some detail the procedural and factual background to the charges against defendant Worman and to the evidentiary disputes then before the court, at least to the extent that the factual background could be gleaned from the parties' briefs. The court will not repeat all of that background here. Instead, for present purposes, suffice it to say that one of the charges against defendant Worman, in **Count 2**, is "possession of an unregistered destructive device" in violation of 26 U.S.C. §§ 5861(d), 5845(f), and 5871. More specifically, **Count 2** charges that, on or about June 29, 2005, defendant Worman knowingly and unlawfully possessed a firearm, that is, a combination of parts either designed or intended for use in converting any device into a destructive device, specifically, a pipe bomb, which was not registered to Worman in the National Firearms Registration and Transfer Record (NFRTR).

In the evidentiary motion now before the court, the prosecution requests a pretrial ruling regarding the admissibility of a certified record from the Bureau of Alcohol, Tobacco, Firearms, and Explosives indicating that there is no entry in the NFRTR reflecting that defendant Worman registered an explosive device. Unfortunately, the copy of the NFRTR certification offered by the prosecution in support of its original motion, identified as Exhibit 126, consists of two nearly identical certifications by Denise Brown, the Acting Chief of the National Firearms Act Branch, that the signature of Dawn Henson, ATF Section Chief, is Ms. Henson's true signature. The two certifications differ only in that one bears an official seal, but the other does not. The exhibit as initially offered did not include any document signed by Ms. Henson. *See* Prosecution's Fourth Evidentiary Motion, Exhibit 126 (docket no. 40-3). In response to the defendant's observation, in his October 10, 2008, Resistance (docket no. 45), that the proffered exhibit did not reference the defendant, the prosecution filed a Reply (docket no. 46) on October 10, 2008, to which the prosecution attached a corrected copy of Exhibit 126.

The corrected copy of Exhibit 126 now includes, as the second page, a certification by Dawn Henson, dated May 2, 2008, which states the following:

> To whom it may concern:
>
> Section 5841 of the National Firearms Act (Chapter 53, Title 26, United States Code) provides that the Attorney General of the United States or an authorized delegate shall maintain a central registry of all firearms not in the possession or under the control of the United States which come within the purview of 26 U.S.C., Chapter 53. That central registry is known as the National Firearms Registration and Transfer Record and is maintained at the Bureau of Alcohol, Tobacco, Firearms and Explosives in Washington, D.C.

> This is to certify that I have custody and control of the said National Firearms Registration and Transfer Record pursuant to a delegation of authority by the Attorney General of the United States.
>
> I further certify that, after diligent search of the said Record, I found no evidence that the firearm or firearms described below are registered to, or have been acquired by lawful manufacture, importation, or making by, or transfer to **JOHN WORMAN**.

Prosecution's Reply In Support Of Its Fourth Evidentiary Motion, Corrected Exhibit 126 (docket no. 46-2) (emphasis in the original). The firearm "described below" on the certification, under "Type of Firearm (26 U.S.C. 5846)" is "**ANY DESTRUCTIVE DEVICES**." *Id.* (emphasis in the original).

### B. *Arguments Of The Parties*

In support of its Fourth Evidentiary Motion seeking a determination of the admissibility of the NFRTR certification, the prosecution argues that the NFRTR certification is relevant to the element of the "possession of an unregistered destructive device" offense in **Count 2** that requires the prosecution to prove beyond a reasonable doubt that the "destructive device" was not registered to the defendant in the NFRTR. The prosecution argues that the NFRTR certification is self-authenticating and admissible without further foundation pursuant to Rules 27 and 44(a)(1) and (b) of the Federal Rules of Criminal Procedure; that the NFRTR certification is not hearsay pursuant to Rule 803(10) of the Federal Rules of Evidence; and that the NFRTR certification is admissible without extrinsic evidence of authenticity as a public record pursuant to Rule 902 of the Federal Rules of Evidence.

The prosecution also argues that numerous courts have upheld the admissibility of NFRTR certifications against hearsay and Confrontation Clause challenges, although the prosecution admits that all of these cases were decided before the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). The prosecution argues that, since *Crawford*, courts have concluded that documents similar to certified NFRTR documents are not "testimonial" in nature and, therefore, admission of such documents does not violate the confrontation rights of a defendant. The prosecution argues that the most analogous of these post-*Crawford* cases are immigration cases involving a Certification of Nonexistence of a Record (CNR) indicating that there is no record that a defendant charged with illegal reentry into the United States had applied for or received permission from the Attorney General to reenter the United States. Specifically, the prosecution points out that, in *United States v. Urqhart*, 469 F.3d 745, 748-49 (8th Cir. 2006), the Eighth Circuit Court of Appeals concluded that, even though a CNR was created for the purpose of prosecution, it did not implicate the Confrontation Clause, because the underlying subject matter, the absence of a document, existed as a matter of public record in the normal course of business of the agency at the time of the offense. The prosecution argues that the NFRTR certification at issue here should be admitted on the same reasoning.

In his initial Resistance, Worman focused primarily on the inadequacy of the original version of Exhibit 126 to prove anything relevant to the case, where it consisted of a certification of the authenticity of the signature of an ATF official, but did not so much as mention the defendant or the lack of any record that he had registered any destructive device. Worman also argued, citing *Crawford*, that he cannot cross-examine a piece of paper and that he would be prevented from exercising his right to confront

witnesses in this case if the original version of Exhibit 126 is admitted to prove the "no registration" element of the offense charged in **Count 2**.

As noted above, the prosecution has attached a corrected version of Exhibit 126 to its Reply, and also provided a corrected version to defendant Worman. The prosecution did not make any additional arguments concerning admissibility of the corrected exhibit in its Reply, however.

By order (docket no. 48) dated October 13, 2008, the court gave defendant Worman to and including October 17, 2008, to file an amended response to the Prosecution's Fourth Evidentiary Motion on the basis of the corrected version of Exhibit 126. Worman filed such an Amended Resistance (docket no. 49) on October 17, 2008. In his Amended Resistance, Worman states that he did not have the destructive device in question in his possession, so that he had no reason to register it. He also argues that there is no official record that confirms that he registered or did not register an explosive device with the NFRTR, because he argues that Exhibit 126 does not verify a diligent search for records has been made or that the official government records reveal no entry. He also reiterates his argument, in somewhat different guise, that Exhibit 126 as amended is testimonial hearsay, because it was specifically prepared for purposes of litigation and is offered for its truth. He complains that the statement is not made under oath and does not even rise to the level of an affidavit. Therefore, he contends that the court should not admit Exhibit 126, but should require the testimony of the declarant.

## II. LEGAL ANALYSIS
### A. *Elements Of The Pertinent Offense*

The prosecution contends that the NFRTR certification is relevant to the "no registration" element of the "possession of an unregistered destructive device" offense in

violation of 26 U.S.C. §§ 5861(d), 5845(f), and 5871 charged in **Count 2**. Section 5861(d) of Title 26 of the United States Code makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). Section 5845(a)(8) defines a "firearm" for purposes of a § 5861 offense as including "a destructive device." Section 5845(f) further defines a "destructive device" as follows:

> **(f) Destructive device**.—The term "destructive device" means *(1) any explosive, incendiary, or poison gas (A) bomb,* (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and *(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled.* The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of title 10 of the United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

26 U.S.C. § 5845(f) (emphasis added).[1] Thus, the elements of the "possession of an unregistered destructive device" offense in **Count 2** are the following: (1) the defendant knew he possessed the object in question; (2) the defendant knew that the object was a destructive device; (3) the destructive device could be readily assembled; and (4) the destructive device was not registered to the defendant in the NFRTR. *See United States v. Dukes*, 432 F.3d 910, 915 (8th Cir. 2006) (elements of possession of an unregistered silencer in violation of 26 U.S.C. § 5861(d)); *United States v. Ragusa*, 664 F.2d 696, 700 (8th Cir. 1981) ("[I]t is not necessary that the [destructive] device actually function as intended."); Eighth Circuit Model Criminal Instruction 6.26.5861 & n.5.[2]

### B. *Admissibility Of The NFRTR Certification*

The parties agree that the NFRTR certification is relevant to proof of the "no registration" element of the offense charged in **Count 2**. They do not agree that the NFRTR certification is admissible to prove that element. Their dispute has several facets, which the court will consider in turn, focusing on Worman's objections to admitting the certification.

---

[1] Section 5871 establishes penalties for such an offense.

[2] Although the "destructive device" does not actually have to function as intended, *see Ragusa*, 664 F.2d at 700; Eighth Circuit Model Criminal Instruction 6.26.5861 n.5, the statute defining a "destructive device" unambiguously requires that the destructive device could be readily assembled. 26 U.S.C. § 5845(f)(3) (a "destructive device" is "any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) a*nd from which a destructive device may be readily assembled*") (emphasis added).

8

### *1. Worman's "technical" objections*

The court begins its analysis with Worman's "technical" objections to the NFRTR certification, specifically, his complaint that Exhibit 126 does not verify a diligent search for records has been made or that the official government records reveal no entry and that the official's statement is not made under oath and does not even rise to the level of an affidavit. These objections fail on their face.

First, as the prosecution asserts, Rule 27 of the Federal Rules of Criminal Procedure provides, "A party may prove an official record, an entry in such a record, or the lack of a record or entry in the same manner as in a civil action." FED. R. CRIM. P. 27. Rule 44 of the Federal Rules of Civil Procedure, in turn, provides for proving a "domestic" official record as follows:

> **(a) Means of Proving**
> **(1) *Domestic Record.*** Each of the following evidence an official record—or an entry in it—that is otherwise admissible and is kept within the United States, any state, district, or commonwealth, or any territory subject to the administrative or judicial jurisdiction of the United States:
> \* \* \*
>> **(B)** a copy attested by the officer with legal custody of the record—or by the officer's deputy—and accompanied by a certificate that the officer has custody. The certificate must be made under seal:
>> \* \* \*
>> **(ii)** by any public officer with a seal of office and with official duties in the district or political subdivision where the record is kept.

FED. R. CIV. P. 44(a)(1)(B)(ii). Thus, Rule 44 does *not* require that the record be certified under oath, only that it be certified under seal by the public officer with official duties

9

where the record is kept. *Id.* Exhibit 126 meets these requirements, because it is certified under seal by Denise Brown, the Acting Chief of the National Firearms Act Branch, the appropriate official where the NFRTR is kept. Exhibit 126 also contains the required attestation and certification that the official making the certification has legal custody of the pertinent record, *see id.*, because it includes Ms. Henson's statement that she has custody of the NFRTR.

Rule 44(b) also provides specifically for a statement of the lack of a record, as follows:

> **(b)** **Lack of a Record.** A written statement that a diligent search of designated records revealed no record or entry of a specified tenor is admissible as evidence that the records contain no such record or entry. For domestic records, the statement must be authenticated under Rule 44(a)(1). . . .

FED. R. CIV. P. 44(b). Worman contends that Exhibit 126 does not verify that a diligent search for records has been made or that the official government records reveal no entry. Contrary to Worman's contentions, however, Exhibit 126 *does* contain a specific written statement that "after diligent search of the said Record, [the custodian] found no evidence that the firearm or firearms described below [*i.e.*, any destructive devices] are registered to, or have been acquired by lawful manufacture, importation, or making by, or transfer to **JOHN WORMAN**." Exhibit 126. Thus, Exhibit 126 includes a statement that meets the "diligent search" requirement of Rule 44(b) and, as explained above, it meets the "authentication" requirements of Rule 44(a)(1).

Similarly, as the prosecution contends, Exhibit 126 is also "self-authenticating" pursuant to Rule 902 of the Federal Rules of Evidence, which provides, in pertinent part, as follows:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
> **(1) Domestic public documents under seal.** A document bearing a seal purporting to be that of the United States, or . . . department, officer, or agency thereof, and a signature purporting to be an attestation of execution.
> **(2) Domestic public documents not under seal.** A document purporting to bear the signature in the official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

FED. R. EVID. 902(1) & (2). Here, Denise Brown, the Acting Chief of the National Firearms Act Branch, the appropriate official, has certified under seal that the signer of the certification of no record in the NFRTR, Dawn Henson, has the necessary official capacity and that her signature is genuine.

Thus, Worman's "technical" objections do not bar admission of Exhibit 126.

### 2. *Worman's "hearsay" and "confrontation" objections*

Worman also objects to admission of Exhibit 126 on "hearsay" and "confrontation" grounds. These objections also cannot stand.

First, as the prosecution contends, Exhibit 126 is not inadmissible on hearsay grounds pursuant to Rule 803(10), which provides that "[t]he following [is] not excluded by the hearsay rule, even though the declarant is available as a witness":

> **(10) Absence of public record or entry.** To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or

> agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

FED. R. EVID. 803(10). As explained above, Exhibit 126 complies with the requirements of Rule 902 and, otherwise falls within Rule 803(10) in that it is offered to prove the absence of a NFRTR registration by Worman; such a registration was a matter of which a record, report, statement, or data compilation was regularly made and preserved by a public office or agency, here, the Bureau of Alcohol, Tobacco, Firearms, and Explosives; and the certification reflects a diligent search has failed to disclose the pertinent record, report, or entry. Thus, Exhibit 126 is admissible over hearsay objections when offered to prove the absence of a record that defendant Worman registered any destructive device. *Id.*

The more complicated issue, as the prosecution acknowledges, is the confrontation issue concerning Exhibit 126. In *United States v. Hale*, 978 F.2d 1016 (8th Cir. 1992), however, the Eighth Circuit Court of Appeals held that acceptance of affidavits as to the non-registration of the defendant's weapons did not violate the defendant's rights under the Confrontation Clause of the Sixth Amendment. *Hale*, 978 F.3d at 1020-21. The court recognized that "[n]umerous cases have held that the admission of 'negative records' under Rule 803(10) does not violate the constitutional right of confrontation." *Id.* at 1021. The court also rejected the defendant's proffered evidence regarding the unreliability of firearm registration records, because the trial court had properly determined that the evidence was too old to be deemed reliable. *Id.*

As the prosecution points out, the Tenth Circuit Court of Appeals also addressed essentially the same issue of whether admission of a NFRTR certification of "no record" violated a defendant's Confrontation Clause rights in *United States v. Rith*, 164 F.3d 1323

(10th Cir. 1999). In *Rith*, the court held that, because the admission of a NFRTR certification did not implicate the Sixth Amendment's limited requirement of availability of the declarant, and because the defendant could have called the declarant as a witness, but did not do so, the defendant's Sixth Amendment right of confrontation was not denied by the failure of the prosecution to call the declarant as a witness. *Rith*, 164 F.3d at 1335. The court also rejected the defendant's contention that the NFRTR certification, which was admitted under Rule 803(10), did not embody sufficient guarantees of reliability to satisfy Confrontation Clause requirements. *Id*. The court concluded that the NFRTR certification demonstrated sufficient particularized guarantees of trustworthiness that the court did not need to address whether Rule 803(1) constituted a firmly rooted hearsay exception that would satisfy the Confrontation Clause. *Id*. at 1335-1336. Moreover, the court found that the defendant had alleged no defect in the NFRTR database search as it pertained to him, and concluded that general claims of unreliability, particularly those that rely upon outdated information, are not sufficient to raise a constitutional deficiency. *Id*. at 1337. The court then identified six other Circuit Courts of Appeals that had specifically allowed the admission of NFRTR certifications. *Id*. (citing *Hale*, 978 F.2d at 1020-21; *United States v. Metzger,* 778 F.2d 1195, 1202 (6th Cir. 1985); *United States v. Cruz*, 492 F.2d 217, 220 (2d Cir. 1974); *United States v. Mix*, 446 F.2d 615, 622-23 (5th Cir. 1971); *Warren v. United States*, 447 F.2d 259, 262 (9th Cir. 1971); and *United States v. Thompson*, 420 F.2d 536, 544-45 (3d Cir. 1970)).

*Hale* and *Rith* would seem to foreclose Worman's Confrontation Clause argument, but, as Worman argues and the prosecution acknowledges, those and other decisions directly addressing the admissibility of NFRTR certifications over Confrontation Clause objections all ante-date the Supreme Court's clarification of Confrontation Clause standards in *Crawford v. Washington*, 541 U.S. 36 (2004). The Supreme Court held in *Crawford*

that, "[w]here testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 68. Unfortunately, the Court in *Crawford* left for another day precisely the question that may be key here: a comprehensive definition of "testimonial," where Worman asserts baldly that the NFRTR certification is "testimonial." *Id.* ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial.'") & n. 10 (acknowledging that "our refusal to articulate a comprehensive definition in this case will cause interim uncertainty," but reasoning that such uncertainty could "hardly be any worse than the status quo"). Fortunately, as the prosecution also points out, the court is not left wholly without guidance on whether a NFRTR certification is "testimonial."

The prosecution points out that, post-*Crawford*, in *United States v. Urqhart*, 469 F.3d 745 (8th Cir. 2006), the Eighth Circuit Court of Appeals held that a similar "Certification of Nonexistence of a Record" (CNR)—which indicated that there was no record that a defendant alien, charged with "illegal reentry," had applied for or received permission from the Attorney General to reenter the United States—was not "testimonial." *Urqhart*, 469 F.3d at 748-49. The court in *Urqhart* noted that, in *Hale*, 978 F.2d at 1021, the court had held that admission of a CNR concerning registration of a firearm does not violate the constitutional right of confrontation, but that the court had not reviewed its holding in *Hale* since *Crawford* to determine whether a CNR is "testimonial," thus requiring a showing of unavailability and a prior opportunity for cross-examination. *Id.* at 748. The court noted, "Upon considering the question, all other circuits have held that a CNR is nontestimonial in nature," *id.* (citing *United States v. Cervantes-Flores*, 421 F.3d 825 (9th Cir. 2005), *cert. denied*, 547 U.S. 1114 (2006); *United States v. Mendoza-Orellana*, 133 Fed.Appx. 68 (4th Cir. 2005) (unpublished); *United States v. Rueda-Rivera*, 396 F.3d 678 (5th Cir. 2005)), and the court agreed. The court noted that, in *Crawford*,

14

the Supreme Court had suggested that business records were excluded from the classification of testimonial statements. *Id.* at 748-49. The court reasoned that a CNR was similar enough to a business record that it is nontestimonial under *Crawford* and presents no Confrontation Clause concerns. *Id.* at 749. The court reasoned that this was so, even though the CNR was prepared by the government for use against the defendant at a criminal trial, because the underlying subject matter, the absence of the pertinent record, existed at the time of the defendant's alleged offense. *Id.* "Thus," the court concluded, "likening the CNR to a business record, we follow the lead of our sister circuits and hold that a CNR is nontestimonial evidence under *Crawford*," and may properly be received in evidence. *Id.*

Where the Eighth Circuit Court of Appeals has already recognized the similarity between a CNR concerning the NFRTR and a CNR concerning immigration records, *see id.* at 748 (likening a CNR concerning the NFRTR in *Hale* to the CNR concerning immigration records then before the court), this court concludes that a CNR concerning the NFRTR is, likewise, "nontestimonial evidence under *Crawford*," and may properly be received in evidence over Confrontation Clause objections.[3]

### III. CONCLUSION

Because neither the defendant's "technical" objections to admission of the NFRTR certification nor his hearsay and Confrontation Clause objections bar admission of the

---

[3]The court finds no challenge to the reliability of the NFRTR certification in Worman's arguments, even in his "technical" arguments. *Compare Rith*, 164 F.3d at 1337 (holding that the defendant must allege and demonstrate a defect in the NFRTR database search as it pertained to him; general claims of unreliability are insufficient).

NFRTR certification, Exhibit 126, at issue here, the prosecution's motion to admit that exhibit will be granted.

THEREFORE, the prosecution's October 2, 2008, Motion For Pretrial Determination Of Admissibility Of Evidence Regarding The Lack Of A Record In The National Firearms Registration And Transfer Record (docket no. 40) is **granted** and Exhibit 126 will be admitted over the defendant's objections.

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA